UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT MITCHELL,

                Plaintiff,

   v.

NURSE DIAZON, et al.,

                Defendants.

Case No. C10-2075-RAJ-BAT

**REPORT AND RECOMMENDATION**

    Plaintiff Robert Mitchell, a Washington State prisoner, is proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  Previously, the Court declined to order service of plaintiff's complaint and granted him leave to file an amended complaint.  Dkt. 8.  Plaintiff has now filed an amended complaint.  Dkt. 12.  The Court, having reviewed plaintiff's amended complaint, recommends as follows:

    (1)    Plaintiff's first, second, and fourth claims should be **DISMISSED** for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii);

    (2)    Defendant Supervisor David Oster should be **DISMISSED** from this case; and

    (3)    Plaintiff's complaint should be **SERVED** on defendant Nurse Diazon and she should be directed to file an answer as to claim three.

    Plaintiff raises four claims in his amended complaint: (1) Oster improperly classified

REPORT AND RECOMMENDATION - 1

plaintiff and denied him access to the law library; (2) plaintiff received inadequate clothing and no coat for use outside; (3) Nurse Diazon provided plaintiff inadequate medical treatment by failing to provide him with medications despite his requests; and (4) plaintiff's cell had no working outlet, there was no "level program," and the book selection was limited and included only Christian religious books.  He names Nurse Diazon and Supervisor David Oster as defendants.  He seeks compensatory and punitive damages.

Previously, the Court informed plaintiff that to sustain a § 1983 civil rights action, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  A defendant cannot be held liable solely on the basis of supervisory responsibility or position.  *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691-694 (1978).  Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

**Claims two and four:**  Plaintiff's second and fourth claims do not identify a defendant who caused or personally participated in causing the alleged harm.  He does not allege that either of the named defendants was involved with these claims.  Because plaintiff has failed to allege that that the harm was proximately caused by a person acting under color of state or federal law, these claims should be **DISMISSED**.

**Claim one:**  Plaintiff's first claim alleges that Oster, a classification supervisor, improperly classified him.  Prisoners do not have a constitutional right to a particular classification status.

REPORT AND RECOMMENDATION - 2

*See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).  Plaintiff therefore cannot state a claim against Oster for improperly classifying him.

Plaintiff's first claim also alleges that Oster also denied him access to the law library even though Oster knew plaintiff had an active case.  Prisoners have a constitutional right of access to the courts, which includes the ability to use a law library or other adequate assistance.  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  To establish a violation of this right, a prisoner must show that he has suffered an actual injury, meaning actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.  *Lewis v. Casey*, 518 U.S. 343, 348 (1996).  Plaintiff does not identify any actual injury caused by Oster's denial of law library access.  Plaintiff submitted a letter from Oster stating that the Ninth Circuit Court Clerk had confirmed that there were no filings due in plaintiff's case and the case was awaiting a merits determination by a three-judge panel.  Oster stated that if the panel determined the case had merit, that would change plaintiff's status and he could request law library access at that time.  Plaintiff has not shown that Oster's denial of law library access violated his constitutional right of access to the courts.  Because plaintiff has failed to state a claim against Oster, claim one and defendant Oster should be **DISMISSED**.

Where a pro se litigant's complaint fails to state a claim on which relief may be granted, he is entitled to an opportunity to amend the complaint unless it is clear that the deficiency cannot be cured.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  The Court gave plaintiff notice of the defects in his original complaint and the opportunity to correct those defects.  Plaintiff's amended first, second, and fourth claims remained defective.  The Court does not believe that granting plaintiff a second opportunity to amend these claims would result in claims on which relief can be granted.  However, if plaintiff believes that amending his

REPORT AND RECOMMENDATION - 3

1 complaint can cure the defects in these claims, he should file an amended complaint as part of his

2 objections, if any, to this Report and Recommendation.

3 **Claim three:** Plaintiff's third claim alleges that Nurse Diazon provided him inadequate

4 medical treatment by failing to provide him with medications despite his requests. This claim

5 states a claim for relief under the Eighth Amendment. Accordingly, plaintiff's complaint should

6 be **SERVED** on Nurse Diazon and she should be directed to file an answer as to claim three.

7 A proposed order accompanies this Report and Recommendation.

8 DATED this 2nd day of May, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4