HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT MITCHELL,

    Plaintiff,

v.

NURSE DIAZON, et al.,

    Defendants.

CASE NO. C10-2075RAJ-BAT

ORDER

This matter comes before the court on Plaintiff Robert Mitchell's objections (Dkt. # 14) to the Report and Recommendation ("R&R") (Dkt. # 13) of the Honorable Brian A. Tsuchida, Magistrate Judge. Judge Tsuchida examined each of the four claims Mr. Mitchell asserted in his amended complaint (Dkt. # 12) and recommended the dismissal of three of them. As to the fourth claim, a claim that Defendant Diazon, a nurse, denied him proper medical treatment, the R&R recommends that the court authorize service of Defendant Diazon. For the reasons stated below, the court ADOPTS the R&R and DENIES Mr. Mitchell's objections.

Even as it recommends the dismissal of certain claims, the R&R invites Mr. Mitchell to file an amended complaint that cures any defects. Mr. Mitchell did not submit an amended complaint. He contends that he was unable to do so because he did not have access to copies of his original complaint and his first amended complaint. Mr.

ORDER- 1

Mitchell does not explain why he needed his previous pleadings to fix the defects that that R&R clearly identifies.

The R&R correctly notes that Mr. Mitchell fails to identify any defendant responsible for the conduct described in two of his claims. Those claims describe jail units that are "too cold" and have "inadequate kites," a lack of "working outlets in his cell," and a library book selection that contains "only Christian books." Without any explanation of who is responsible for these allegedly unconstitutional conditions, Mr. Mitchell does not state a claim.

Mr. Mitchell's first claim contends that Defendant David Oster "improperly classified" him when he entered a new correctional facility in April 2010. It also contends that Defendant Oster improperly denied him law library access. The R&R recommends dismissing this claim for two reasons. First, inmates have no constitutional right to a particular classification status. Second, an inmate complaining about access to a prison's law library must show prejudice arising from the inability to meet obligations in pending or planned legal cases. Mr. Mitchell failed to do so.

The court agrees with the first conclusion. In his objections, Mr. Mitchell states that he does not object to his classification by itself, but rather contends that Mr. Oster assigned a particular classification status as "Punishment for [Mr. Mitchell's] Legal Actions." This could be construed as a claim of unlawful retaliation, but it is inherently implausible. Mr. Oster made the allegedly improper classification when Mr. Mitchell arrived at the facility in April 2010. At that time, there is no evidence that there was any legal action pending that would have impacted Mr. Oster in any way. The court thus finds no claim based on any alleged retaliatory activity.

The court also agrees with the second conclusion. Mr. Mitchell, who has filed numerous actions in the federal courts, has an obligation to explain what prejudice he suffered as a result of being denied law library access. At the time Mr. Oster issued his letter denying him access in April 2010, Mr. Oster issued a letter that correctly stated that

Mr. Mitchell had no pending obligations in a case then pending in the Ninth Circuit (No. 09-35877). The court has reviewed the docket in that case, and it shows that the principal briefs from Mr. Mitchell and his opponents had already been received. Mr. Mitchell later made a host of improper filings, all of which the court of appeals rejected. The record thus reveals that Mr. Mitchell was able to make court filings despite the alleged denial of law library access. It also reveals that Mr. Oster correctly determined that Mr. Mitchell had no pending obligations in that case in April 2011.

Mr. Mitchell now makes a host of new allegations about the denial of law library access. First, there is no allegation that Mr. Oster is responsible for these alleged denials of access. Second, Mr. Mitchell again fails to identify any prejudice to him. Third, the denial notices explain that Mr. Mitchell needs to submit requests for library access in advance, because of limited availability. There is no allegation that this condition is improper.

The court accordingly ADOPTS the R&R over Mr. Mitchell's objections. The court directs Judge Tsuchida to arrange service upon Defendant Diazon. The court makes no ruling on whether Mr. Mitchell should be permitted to file an amended complaint to address the deficiencies identified in the R&R and in this order. It instead orders that if Mr. Mitchell wishes to file such an amended complaint, he shall do so promptly. Judge Tsuchida may decide whether to accept the amended complaint.

The court directs the clerk to send a copy of this order to Mr. Mitchell and Judge Tsuchida. The court also directs the clerk to include with Mr. Mitchell's mailing a copy of Mr. Mitchell's amended complaint (Dkt. # 12).

Dated this 10th day of August, 2011.

_Richard A. Jones_

The Honorable Richard A. Jones
United States District Court Judge